**Plaintiff**

Ciara Nelson

281 Lelia St.

Pittsburgh, Pa. 15211

RECEIVED

2:23-cv-1742

-vs-

OCT 0 6 2023

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

**Defendant**

Great Lakes Behavioral Research Institute

9515 Goehring Rd.

Cranberry Township, Pa. 16066


**Defendant**

Department of Human Services

Allegheny County Children Youth and Families

One Smithfield St. Suite 400

Pittsburgh, Pa. 15222-2221


### COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**Basis for Jurisdiction**

Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e to 2000e-17 (race, color, gender, religion, national origin).

OSHA Whistleblower Law, which forbids an employer from retaliating against an employee engaging in protected activities, such as reporting unsafe work conditions.

**Statement**

1. I, Ciara Nelson, reside at 287 Lelia St. Pittsburgh, Pa. 15211

2. Great Lakes Behavioral Research Institute (Great Lakes) is my former employer located at 9515 Goehring Rd. Cranberry Township, Pa. 16066.
3. Allegheny County Children, Youth and Families (CYF) contracts with Great Lakes. CYF's Record Department is located at 1 Smithfield St. 3rd Floor, Pittsburgh, Pa. 15222.
4. Great Lakes hires employees and assigns them to jobs within CYF and other positions within the county. I was assigned to help create CYF's records department with Sarah Marker in June 2021. Sarah Marker was the first manager of the records department.
5. It was me and Sarah in the department until Emma Stille and Kristie Hayes were added. Kristie Hayes has the title of Forensic Evaluator. Emma and I were both considered records specialists. Kristie did not have the same duties, but we were under the same management and eventually sat together.
6. In August 2022 my car was repossessed, which caused me to ask to work from the downtown office. Sarah gave me push-back immediately. There were rumors and we had suspicions from what was witnessed, but it was fully confirmed by a county employee, Bonnie Klingensmith, that Kristie Hayes was being allowed to work from home on a regular basis. She told me details of what she seen after finding out I worked for Sarah Marker.
7. I first made a complaint about Kristie being allowed to work from home to Sarah Marker and was told that she had no control over it, as this was promised to her by whomever hired her. However, the handbook of both companies says the only way a person is allowed to work from home is if they have ADA accommodation. I then reported it to Great Lakes, to which Kelly Rezak requested we have a private phone call to discuss all my concerns about what was going on with my management. She suggested during that phone call that I find a therapist or other means to get either a mental or physical health diagnosis so that she could approve ADA accommodation and allow me to work some days from home.
8. I then took the complaint to the managers above Sarah. They responded by demoting her duties and left her with only the records department to manage. She eventually resigned due to this, but before she did, she interviewed and selected Anne Cox as her replacement.
9. Anne Cox began to taunt and manage in an extremely aggressive way immediately. We were having meetings with human resources within the first month of her being on board. She burst into the room where I worked aggressively in front of other employees to address an email conversation about an assignment. This aggressive, psychologically draining management style was allowed by both companies despite the complaints I made to upper management and hr departments. I had mediation meetings, and my team was also made to do so, and things continued to get progressively worse.
10. Great Lakes responded by reprimanding me for my tone in emails, but never addressed any unfair behavior, including Kristie being allowed to work from home. I showed them proof of Anne's behavior, and they were aware of what Sarah was allowing but did nothing. I worked with Kristie for almost 2 years, more than half of it she was mostly remote. It wasn't until my complaint with the EEOC was received by Great Lakes that the company finally pushed for her to be in the building regularly.
11. By admission, Kristie Hayes has shared many things about her position, access and privileges. She divulged that her mother works for judges and was indeed able to make execs at CYF attempt to reshape her job title to justify her working from home; all due to the complaint I filed. This ceased once my EEOC complaint was received by Great Lakes.

12. For these reasons and more, I am making the following allegations against my former employer Great Lakes, its employees, along with the multiple staff involved from CYF, and their human resources office showed discrimination and negligence when they ignored my complaint about Kristie Hayes working from home without an ADA accommodation, and subsequently discriminated, harassed, and retaliated against me until I was forced to quit my job due to the mental anguish on August 7, 2023.
13. Great Lakes and its employees Kelly Rezak and Paul Irwin, along with CYF staff Sarah Marker (former supervisor), Anne Cox (last supervisor), Betsy Caroff (Anne's supervisor), and Jacki Hoover (Betsy's former supervisor) allowed harassment, retaliation, and a hostile work environment to build over a span of months after my complaints were made.
14. Harassment, unfair work practices, and clique work culture via multiple supervisors and management personnel led me to resign due to mental and physical stress. I was seen in the ER for chest pains in the summer of 2021. I was cleared, and the doctors suggested that perhaps it was my job, when they saw where I said I worked.
15. I have also witnessed other employees, Amonda Christian and Bonnie Klingensmith be subjected to the same bullying, both quit their jobs.
16. An example of retaliation and bullying I faced was when a raise of salary was initially denied under Sarah Marker's supervision, and subsequently heavily unsupported by Marker after the complaint about Hayes was made. Despite my having engaged in supervisory roles, such as interviewing and training the staff that were hired, Sarah was unsupportive and a roadblock to my getting a raise. I had to pursue the salary increase all the way to the head of Department of Humans Services Director, Erin Dalton.
17. I pursued the increase despite the hostile and annoyed demeanor displayed from both company's staff, because my work duties ensured I was due a raise according to Great Lakes' handbook. Pursuing the raise only led to a more unfavorable and hostile work environment.
18. Upon receiving the raise, my health premiums were changed by Great Lakes. I was denied documentation to establish the prices charged were accurate. I was told that documentation showing premium charges based off pay did not exist. There was also an issue where my tax forms were changed to Single instead of Head of Household for majority of 2021, and no one could figure out why since I hadn't changed it, which changing requires management level approval.
19. I attended several meetings with human resources staff from both Great Lakes and CYF in attempts to mediate the issues, but nothing was done to support me as an employee, regardless of the documentation I showed about both Sarah Marker and Anne Cox.
20. Before being written up for insubordination, even though my work never lacked, Kelly Rezak asked to meet me during work hours offsite at a Starbucks. Here she told me that she'd "hate to write me up knowing she [Anne] is wrong". I was written up for the first time not long after that meeting. Weeks later, on August 4, 2023, I was placed on leave and told to leave my computer at the building while Great Lakes investigated "a potential policy violation" based off slanderous, overemphasized accusations from Anne Cox.
21. Anne Cox singled me out for harassment in several things including, submitting time sheets, work assignments, lead opportunities, as well as aggressive contact after work hours.
22. The continued retaliation and constant harassment took its heavy toll on my mental health and resulted in my resigning on August 7, 2023, after more than 5 years with the company.

**Relief**

I'm seeking a jury trial to fairly assess the compensatory damages for the discrimination, blatant racism, emotional and physical stress, as well as hostile behavior I was subjected to from several employees over the years that was disregarded and allowed by both Great Lakes and County HR and staff. I have emails, texts, videos, and screenshots to show the degrading work environment they created that I'd like to have reviewed. The documentation I submitted to the EEOC was not thoroughly reviewed, as the investigator misspelled the name of the main character involved, as well as not properly representing the timeline of events.

The damage done should be known. I've cried in my car, on the bus on my way home, at bus stops in public, having to dry my tears embarrassingly with my clothes, also in the bathroom stall or conference rooms in the office buildings, and even at my desk with my coworkers present at times. It was out of control.

I seek compensation for the lost wages and earnings I would've made had I not been forced out of my job. Also, for the time that I'm out of work, as I try to find other employment. I'm asking for compensation for the severe emotional stress I was put under, particularly in my last 2 years of employment with Great Lakes, as an employee of the Records Department under Sarah and Anne's supervision.

I believe Great Lakes and Allegheny County CYF should be liable for punitive damages as well, because they've slandered my name throughout both companies and created a culture where I know there is not a chance, I can ever get a job directly with Allegheny County or within Great Lakes.

This is also why I didn't seek to be reassigned by Great Lakes. Their treatment was so bad that I didn't think reappointment to a new position would help. The mental anguish I went through here was the worst I've experienced at any job. It exceeds anything I've witnessed anywhere else. I feel these employers and their employees were trying to break me mentally and force me out.

They also, in my opinion, are liable for punitive damages, because their top executives were bullied or convinced by Kristie's mother's friends who are judges to change her job description to justify her being remote. Kristie admitted that they were trying to rewrite her job position after having complained to her mother. Their egregious behavior and bullying style in the workplace are unacceptable, which is why I'm bringing this complaint against both employers. Thank you for your time.

Ciara Nelson

*Ciara Nelson* 10/6/23