IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CIARA NELSON,<br><br>        Plaintiff,<br><br>    v.<br><br>GREAT LAKES BEHAVIORAL RESEARCH INSTITUTE, INC., DEPARTMENT OF HUMAN SERVICES, ALLEGHENY COUNTY CHILDREN YOUTH AND FAMILIES;<br><br>        Defendants. | 2:23-CV-01742-CCW |

## OPINION

Before the Court are two Motions to Dismiss filed by Defendants Great Lakes Behavioral Research Institute, Inc. ("Great Lakes") and Department of Human Services, Allegheny County Children Youth and Families ("Allegheny County," or the "County"). ECF Nos. 12, 31. Pro se Plaintiff Ciara Nelson, a former employee of Great Lakes, alleges that Great Lakes and Allegheny County discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq* ("Title VII").[1] ECF No. 6. Ms. Nelson also alleges that both Defendants violated the "OSHA Whistleblower Law," which the Court interprets to mean the anti-retaliation provisions of the Occupational Safety and Health Act of 1970 ("OSH Act"). *Id.* For the reasons set forth below, the Court will grant both Motions.

---

[1] Because certain of Ms. Nelson's claims arise under Title VII, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1

I.      Background

Ms. Nelson worked for Great Lakes for over five years, until she resigned on August 7, 2023. ECF No. 6 ¶¶ 2, 22. Great Lakes contracts with Allegheny County to place employees in positions within the County, and in June 2021 Ms. Nelson was assigned to the County's Children, Youth and Families ("CYF") division to help establish its records department. *Id.* ¶ 4. The CYF records department was initially managed by Sarah Marker. *Id.* Ms. Nelson worked as a records specialist. *Id.* ¶ 5. After Ms. Nelson's car was repossessed, she submitted a request to work from a closer office, which was denied. *See id.* ¶ 6. When Ms. Nelson discovered that another employee, Kristie Hayes, was being allowed to work from home, she complained to Sarah Marker and Great Lakes because she understood that telework was not allowed without an ADA accommodation. *Id.* ¶¶ 6–7. Ms. Nelson claims that Sarah Marker retaliated against her for complaining by failing to support her later request for a raise. *Id.* ¶ 16. Great Lakes did not address Ms. Nelson's complaint about Kristie Hayes' telework arrangement until it received an EEOC complaint which Ms. Nelson had at some point filed.[2] *Id.* ¶¶ 10–11. After receiving Ms. Nelson's EEOC complaint, Great Lakes required Kristie Hayes to "be in the building regularly." *Id.* ¶ 10. Ms. Nelson further alleges that her second CYF supervisor, Anne Cox, subjected her to discriminatory bullying and harassment throughout the remainder of her tenure, and that neither Great Lakes nor CYF did anything to address it. *See id.* ¶¶ 8–10, 12–13, 21–22. Ms. Nelson resigned from her position at Great Lakes effective August 7, 2023, due to "continued retaliation and constant harassment." *Id.* ¶ 22.

---

[2] Ms. Nelson does not state when she filed her EEOC complaint.

2

**II.     Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary

3

element." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (quotation omitted) (finding that at the motion to dismiss stage it is sufficient, but not necessary, to allege a *prima facie* case). And when resolving a pro se plaintiff's motion, courts "liberally construe pro se filings with an eye toward their substance rather than their form." *See United States v. Delgado*, 363 Fed. App'x 853, 855 (3d Cir. 2010).

### III. Legal Analysis

The Court will first address Defendants' Motions to Dismiss Ms. Nelson's claims under the OSH Act, and then turn to Defendant Allegheny County's Motion to Dismiss Ms. Nelson's Title VII claims against it.[3]

#### A. Ms. Nelson Cannot State a Claim Under the OSH Act

Ms. Nelson's claims for alleged OSH Act violations will be dismissed because there is no private right of action under the OSH Act. Ms. Nelson alleges that the Defendants violated the "OSHA Whistleblower Law, which forbids an employer from retaliating against an employee engaging in protected activities." ECF No. 6 at 1. The Court interprets this as an attempt to state claims under Section 11(c) of OSH Act, 29 U.S.C. § 660(c), which prohibits retaliation against employees who exercise their right to report OSH Act violations to the United States Secretary of Labor. Defendants argue that these claims should be dismissed because there is no private of right of action under the OSH Act. ECF Nos. 13 at 3–4; 32 at 6–7. The Court agrees. *See Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580 (3d Cir. 2007) (noting that the OSH Act "does not create a private cause of action"); *Holmes v. Schneider Power Corp.*, 628 F. Supp. 937, 939 (W.D. Pa. 1986) ("[N]o such private right of action should be implied from the OSHA statute."),

---

[3] Defendant Great Lakes does not contest Ms. Nelson's Title VII claims against it. *See generally* ECF No. 12.

*aff'd*, 806 F.2d 252 (3d Cir. 1986). Accordingly, the Court will dismiss Ms. Nelson's claims under the OSH Act. Because any amendment would be futile, dismissal will be with prejudice.

### B. Ms. Nelson Has Not Stated a Claim Under Title VII Against Allegheny County

Allegheny County advances several arguments as to why Ms. Nelson's Title VII disparate treatment and retaliation claims against it should be dismissed. The County first argues that Ms. Nelson failed to exhaust her administrative remedies. ECF No. 32 at 4–5. Additionally, the County argues that Ms. Nelson has not alleged that she engaged in protected activity such that her retaliation claim fails and has not alleged that she is a member of a protected class such that her disparate treatment claim fails as well. *Id.* at 5–6. Because the Court finds that Ms. Nelson did not exhaust her administrative remedies against the County, it does not reach the merits of Ms. Nelson's Title VII claims.

#### 1. Ms. Nelson Failed to Exhaust Her Administrative Remedies as to Allegheny County

To bring an employment discrimination claim under Title VII, a plaintiff must first comply with the procedures set forth in 42 U.S.C. § 2000e–5. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469–470 (3d Cir. 2001). Among these is the requirement that the plaintiff "exhaust[] administrative remedies" by filing a timely discrimination charge with the EEOC. *Id.* "The purpose of requiring an aggrieved party to resort first to the EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). Until the EEOC concludes its investigation and issues a right-to-sue letter, a plaintiff cannot initiate a private civil action. *Burgh*, 251 F.3d at 470. "[T]he scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out

of the charge of discrimination.'" *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (quoting *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978)). Thus, a private action "ordinarily may be brought only against a party previously named in an EEOC action." *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh*, 903 F.2d 243, 251 (3d Cir. 1990).

There is an exception to this general rule, however. A party not named in the plaintiff's EEOC charge may still be sued when they "received notice and when there is a shared commonality of interest with the named party." *Id.* at 252.[4] Thus, naming a respondent in the body of an EEOC charge, but not the caption, can still be sufficient to constitute administrative exhaustion because "it provides the defendants with the requisite notice that their conduct is under formal review." *Reese v. Nw. Bank*, No. 3:21-CV-3, 2021 WL 2720837, at *3 (W.D. Pa. July 1, 2021) (Gibson, J.) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 398–99 (E.D. Pa. 2002)). Conversely, the failure to include a party in either the caption or body of an EEOC charge precludes a finding that the plaintiff exhausted their administrative remedies unless the defendant otherwise had notice that they were subject to suit. *See Jankowski v. Fanelli Bros. Trucking Co.*, No. 3:CV-13-2593, 2014 WL 690861, at *8 (M.D. Pa. Feb. 24, 2014) (collecting cases); *Dolbin v. Tony's LLC*, No. 3:19-CV-1662, 2020 WL 5505664, at *7 (M.D. Pa. Aug. 13, 2020), *report and recommendation adopted*, No. 3:19-CV-1662, 2020 WL 5506433 (M.D. Pa. Sept. 11, 2020).

---

[4] The *Schafer* court's articulation of this exception has been referred to as a "shorthand version" of the four-factor test set forth in *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1987). *Dixon v. Philadelphia Hous. Auth.*, 43 F. Supp. 2d 543, 546 (E.D. Pa. 1999). The *Glus* test considered "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *Glus*, 562 F.2d at 888.

Here, Ms. Nelson did not name Allegheny County in her EEOC Charge of Discrimination. Rather, she named only Great Lakes in the caption and did not mention Allegheny County in the body of the charge even in passing.[5] ECF No. 31-1. While the body of the Charge does reference Ms. Nelson's CYF supervisor Anne Cox one time, *id.*, the Court cannot conclude that this single mention of an individual supervisor was sufficient to put the County on notice that it was subject to the EEOC's investigation absent any allegations that Ms. Cox received actual notice of the charges. *See Rice v. Kobialka*, No. 2:13-CV-347, 2013 WL 3466803, at *5 (W.D. Pa. July 10, 2013) (McVerry, J.) (finding no administrative exhaustion as to an individual referenced several times in the body of an administrative charge because there was no other evidence that the individual received actual notice of the charges). Additionally, the right-to-sue letter Ms. Nelson received from the EEOC only identifies Great Lakes as a respondent, not Allegheny County, ECF No. 6-1. And though Ms. Nelson alleges that Great Lakes received her EEOC Charge and took action as a result, ECF No. 6 ¶¶ 10–11, she does not allege that Allegheny County received it and acted in a manner indicating it understood it was the subject of her charge. *See generally id.*

In her Response to the County's Motion to Dismiss, Ms. Nelson argues that she should be excused from the administrative exhaustion requirement because she asked the EEOC investigator assigned to her case to include the County on the charge, but she was ignored. ECF No. 34 at 2. This argument is not persuasive. First, Ms. Nelson does not make this allegation in her Complaint and therefore it cannot be properly considered at the motion to dismiss stage. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the

---

[5] Allegheny County attached Ms. Nelson's EEOC Charge of Discrimination to its Motion to Dismiss. *See* ECF No. 31-1. The Court may properly consider the EEOC charge because it is "'an undisputedly authentic document' which form[s] the basis of [Ms. Nelson's] claims." *Gamble v. Cnty. of Erie*, No. CIV.A. 12-150 ERIE, 2013 WL 5231470, at *3 n.3 (W.D. Pa. Sept. 16, 2013) (Schwab, J.) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation omitted). Moreover, after it became clear during the administrative process that the EEOC was treating Ms. Nelson's charge as one against Great Lakes only, Ms. Nelson could have filed a separate charge against Allegheny County but failed to do so.[6]

In sum, there is no showing that Ms. Nelson exhausted her administrative remedies as to Allegheny County, and Ms. Nelson fails to allege facts establishing that an exception to the exhaustion requirement applies. For those reasons, her Title VII claims against Allegheny County must be dismissed. However, the Court will grant Ms. Nelson leave to amend her Title VII claims.

## IV. Conclusion

For the foregoing reasons, the Motions to Dismiss filed by Great Lakes, ECF No. 12, and Allegheny County, ECF No. 31, will be **GRANTED**. Ms. Nelson's alleged OSH Act claims against Great Lakes and Allegheny County will be **DISMISSED** with prejudice. Ms. Nelson's Title VII claims against Allegheny County will be **DISMISSED** without prejudice and with leave to amend.

DATED this 10th day of October, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

---

[6] Ms. Nelson's right-to-sue letter naming only Great Lakes as a respondent is dated July 31, 2023. ECF No. 6-1. Because she alleges discrimination by the County continuing through the end of her employment on August 7, 2023, ECF No. 6 ¶ 22, Ms. Nelson had until February 3, 2024, to file a timely charge of discrimination against the County but did not. *See* 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred.").

cc (via ECF email notification):

All Counsel of Record


cc (via US mail):

Ciara Nelson
*Pro se*
287 Lelia Street
Pittsburgh, PA 15211